IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUSTIN TOLAR | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv129 |
| WARDEN HAYS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Justin Tolar, an inmate confined at the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the Stringfellow Unit, which is located in Brazoria County. In addition, the defendants appear to reside in Brazoria County. Pursuant to 28 U.S.C. § 124, Brazoria County is located in the Galveston Division of the Southern District of Texas, rather than in the Eastern District.

As Brazoria County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## ORDER

It is accordingly **ORDERED** this case is **TRANSFERRED** to the Galveston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 19th day of June, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE